UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Coker, | ) C/A No. 4:10-2197-HFF-TER |
| Plaintiff, | ) |
| vs. | ) |
| Warden Larry Powers, Spartanburg County Detention Center, 950 California Ave Spartanburg, SC 29302, | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Robert Coker (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the Warden of the Spartanburg County Detention Center, Larry Powers, as the sole Defendant.[2] For the reasons discussed below, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

The complaint alleges that Plaintiff was placed in a cell with four other inmates at the Spartanburg County Detention Center (Detention Center), with inadequate room to "move around." *See* Complaint, page 3. Plaintiff states that he was allowed to leave the cell only one time per day. *Id.* Plaintiff further claims that the toilet system at the Detention Center is unsanitary, resulting in Plaintiff sitting and eating near urine and "bowel wastes." *Id.* Plaintiff states that the smell in the cell made him sick and the unsanitary toilet caused Plaintiff to develop a rash on his groin area and buttocks. *Id.* Plaintiff indicates that he has received some medical attention for the rash since his transfer to Perry Correctional Institution. *Id.* at 5. Plaintiff "put in [a] grievance" about the

2

unsanitary conditions at the Detention Center to Officer Custer on April 26, 2010. *Id.* at 4. Officer Custer allegedly said he would talk to maintenance about the issue. *Id.* Plaintiff provides no factual allegations in the body of the complaint against Defendant Warden Larry Powers. Plaintiff seeks monetary compensation. *Id.*

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that he was housed in a cell at the Detention Center where Plaintiff was exposed to human waste due to an inadequate or unsanitary toilet system. Plaintiff believes this exposure caused him to develop a rash and experience bouts of illness. Plaintiff claims that his treatment at the Detention Center constitutes cruel and unusual punishment. Liberally construed, Plaintiff also appears to be alleging that Defendant Warden Larry Powers has violated Plaintiff's constitutional rights by being deliberately indifferent to Plaintiff's health or safety. While the allegations in Plaintiff's complaint could state a cognizable claim under § 1983, the instant case is

3

subject to summary dismissal because Plaintiff fails to provide sufficient factual information to state a claim against the only named Defendant, Warden Larry Powers.[3]

As indicated above, outside of the complaint's caption and "parties" section, the pleading provides little information regarding Defendant Powers. Plaintiff's only statement about this Defendant is as follows: "This is a reason of many reasons to sue Warden Larry Powers of Spartanburg County Detention Center or whoever [is in] charge of this." *See* Complaint, page 4. However, the complaint contains no facts to demonstrate that Defendant Powers violated any of Plaintiff's constitutional rights. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief, *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003), and this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The instant complaint's claims, absent any personal allegations against Defendant Powers, are insufficient to state a claim under § 1983 against this Defendant.

Further, to the extent Plaintiff is suing Defendant Powers as the supervisor of the Detention Center, his claim likewise must fail. While supervisory officials may be held liable, in some

---

[3] It is noted that the only specific allegations naming an individual involve his notifying a Detention Center Officer, named Custer, about the unsanitary toilet conditions.

circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). While Plaintiff claims that "every inmate [in] POD 6 complained plus got sick," he provides no information to indicate that Defendant Powers was directly notified about the allegedly unconstitutional cell conditions, that Defendant Powers was aware of any risk to Plaintiff's health and safety, or that Defendant Powers was deliberately indifferent to any such risk. Therefore, the complaint fails to establish liability against Defendant Powers in his supervisory capacity.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

September 16, 2010
Florence, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).