

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| ROBERT COKER, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:10-02197-HFF-TER |
| | § | |
| WARDEN LARRY POWERS, | § | |
| Defendant. | § | |

# ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Complaint be dismissed without prejudice and without service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 16, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on September 27, 2010.

Plaintiff objects to the dismissal of his Complaint for failure to state a claim upon which relief may be granted against Defendant. The Magistrate Judge recommended that this Court dismiss the Complaint on the grounds that Plaintiff failed to provide sufficient factual information to state a claim against Defendant and that Plaintiff failed to state a claim against Defendant in his supervisory capacity. In Plaintiff's objections, he asks the Court to amend his Complaint. He further alleges in his objections that Defendant was aware the toilets were automatically set to flush only at certain times and the risks that this condition posed. He insists Defendant approved this setting as a cost-saving measure to reduce water expenses.

The Court will allow Plaintiff to amend his Complaint to include the more specific allegations set forth in his objections. With those allegations included and taken as true, Plaintiff's claim proceeds as follows: Plaintiff's "toilet was automatically set [to] flush 2 times every five minutes and every hour." Because he shares a cell with four other people, the human excrement builds before the toilet automatically flushes again. The smell is horrible, and Plaintiff developed a rash around his anus. Defendant was aware that the toilets were set to flush automatically and the risk that the situation posed, but he authorized the setting to cut water expenses. Plaintiff alleges this condition is so unsanitary that it violates the Eighth Amendment.* The Court disagrees.

---

*It is unclear from the record whether Plaintiff was a pretrial or posttrial detainee when the alleged constitutional violation occurred. If Plaintiff was a pretrial detainee at the time of the incident, his challenge would fall under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Traverso v. Colvard*, No. 87-7022, 1987 WL 37359, at *1 (4th Cir. May 4, 1987) ("The Supreme Court has held that where a pretrial detainee wishes to challenge a prison condition the case should be evaluated under the Due Process Clause of the Constitution." (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979))). Nevertheless, whether Plaintiff was a pretrial detainee or a posttrial detainee, the subsequent analysis, which relies on interpretations of the Eighth Amendment, would be the same. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("[T]he due process rights of a person in Kivlin's situation are at least as great as the Eighth Amendment protections available to a convicted prisoner."); *Young*

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Prison conditions can be so deplorable as to constitute a violation of the Eighth Amendment. *Shakka v. Smith*, 71 F.3d 162, 165-66 (4th Cir. 1995). In addressing alleged Eighth Amendment violations based on prison conditions, the Supreme Court has consistently noted that "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To state a claim that prison conditions violate the Eighth Amendment, a prisoner must show "a serious deprivation of a basic human need" and "deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). An objective test is used to determine whether the deprivation of a basic human need is sufficiently serious to violate the Eighth Amendment. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). This requires the prisoner to show that he has suffered "serious or significant physical or emotional injury as a result of [the] conditions." *Id.* at 1381. Moreover, the Supreme Court has recognized that "extreme deprivations are required to make out a conditions-of-confinement claim," reasoning that "routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

Even taking as true the allegations set forth in Plaintiff's Complaint and objections, the Court finds that setting the toilets to flush automatically as described by Plaintiff does not constitute a

---

*v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." (footnote omitted)); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.").

"serious deprivation of a basic human need" so as to violate the Eighth Amendment. The Court recognizes that Plaintiff has suffered a rash around his anus as a result of the conditions, thus demonstrating an injury. It is unpersuaded, however, that the rash Plaintiff describes amounts to a "serious or significant physical . . . injury." *Id.* In the absence of a serious or significant injury, no Eighth Amendment violation can exist.

In any event, the Court is of the opinion that this condition does not arise to the level of a serious deprivation of a basic human need. Plaintiff is not being denied access to a toilet, and the toilet has not been rendered inoperative for extended periods of time. *See Barnes v. Wiley*, 203 F. App'x 939, 941 (10th Cir. 2006) ("The cases [finding an Eighth Amendment violation] generally have concerned the total denial of facilities or inoperative facilities resulting in physical exposure to human waste over a multi-day period."). Instead, the toilet can be flushed only twice an hour. Although this setting may cause discomfort at times, it does not constitute an inhumane condition that violates the Eighth Amendment. *See id.* ("[The plaintiff] is allowed to flush his toilet twice per hour. That amounts to a maximum of forty-eight flushes per day, which the district court was well within its discretion to conclude is a sanitary condition.").

Because the Court finds that Plaintiff has not suffered from a serious deprivation of a basic human need, it is relieved from addressing whether Defendant acted with deliberate indifference. As Plaintiff's prison conditions do not run afoul of the Eighth Amendment or the Due Process Clause, he fails to state a claim that he has been deprived a right secured by the Constitution or federal law. 42 U.S.C. § 1983. Accordingly, his Complaint fails to state a claim upon which relief may be granted under § 1983 and, as the Magistrate Judge suggested, should be dismissed.

4

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint be **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED**.

Signed this 27th day of October, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.